FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Federal Trade Commission,

    Petitioner,

v.

Derek J. Bartoli,

    Respondent.

Misc. No. 6:18-MC-027-ORL-40-GJK

## PETITION OF THE FEDERAL TRADE COMMISSION FOR AN ORDER ENFORCING CIVIL INVESTIGATIVE DEMAND AND INCORPORATED MEMORANDUM OF LAW

The Federal Trade Commission (FTC or Commission) petitions this Court under Section 20 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 57b-1(e), (h), for an order requiring Respondent, Derek J. Bartoli, to comply with a civil investigative demand (CID), a form of administrative compulsory process. The CID was issued in the course of a nonpublic investigation concerning possible violations by Mr. Bartoli of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule (TSR), 16 C.F.R. § 310 *et seq.* Section 5 prohibits unfair or deceptive acts or practices; the TSR prohibits "abusive" telemarketing, including (1) initiating, causing the initiation, or assisting and facilitating the initiation of, telemarketing sales calls that deliver prerecorded messages; (2) placing calls to numbers listed on the National Do Not Call Registry, and (3) displaying

"spoofed" caller ID numbers. The CID directs Mr. Bartoli to respond to 10 document requests, 9 interrogatories, and to appear and provide testimony on 8 topics related to the current investigation.

Mr. Bartoli has not submitted anything in response to the CID or even responded to the attempts of FTC staff to confirm that he would appear and testify on the scheduled date. The Commission therefore asks this Court to enter an order requiring Mr. Bartoli to appear and show cause why he should not comply with the CID in its entirety.

This proceeding is properly instituted by a petition and order to show cause and is summary in nature. *See, e.g., United States v. Elmes*, 532 F.3d 1138, 1141-45 (11th Cir. 2008); *United States v. Markwood*, 48 F.3d 969, 981-82 (6th Cir. 1995); *Appeal of FTC Line of Bus. Report Litig.*, 595 F.2d 685, 704-05 (D.C. Cir. 1978). As such, discovery is "improper" except upon a showing of exceptional circumstances. *FTC v. Carter*, 636 F.2d 781, 789 (D.C. Cir. 1980); *see also FTC v. MacArthur*, 532 F.2d 1135, 1141-42 (7th Cir. 1976); *Genuine Parts Co. v. FTC*, 445 F.2d 1382, 1388 (5th Cir. 1971).

A declaration under penalty of perjury of FTC attorney Christopher E. Brown, which verifies the allegations of this Petition, is attached hereto as Petition

FTC Petition
- 2 -

Exhibit ("Pet. Ex.") 1. The Commission also submits the following additional exhibits:

    Pet. Ex. 2    Civil Investigative Demand to Derek J. Bartoli (Dec. 19, 2017);

    Pet. Ex. 3    FedEx Confirmation of Delivery of CID, Tracking # 771061751390 (Dec. 23, 2017);

    Pet. Ex. 4    Letter from Lois C. Greisman, Associate Director, FTC Division of Marketing Practices to Derek J. Bartoli (Feb. 2, 2018);

    Pet. Ex. 5    Letter from Christopher E. Brown to Derek J. Bartoli (Feb. 15, 2018); and

    Pet. Ex. 6    FedEx Confirmation of Delivery of Feb. 15, 2018, Letter, Tracking # 771493655768 (Feb. 16, 2018).

## The Parties

1.    The Commission is an administrative agency of the United States, organized and existing pursuant to the FTC Act, 15 U.S.C. § 41 *et seq.* The Commission is authorized and directed by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prohibit, *inter alia*, "unfair or deceptive acts or practices in or affecting commerce." Additionally, the TSR authorizes the Commission to enforce its prohibition on deceptive and abusive telemarketing practices. 16 C.F.R. pt. 310. Under the TSR, "abusive" telemarketing includes such conduct as failing to provide correct information to caller identification services or placing calls that

deliver a prerecorded messages ("robocalls"). 16 C.F.R. §§ 310.4(a)(8), 310.4(b)(1)(v).

2. Respondent, Derek J. Bartoli is an individual who is found, resides, or transacts business in Kissimmee, Florida. Pet. Ex. 1, ¶ 8.[1]

## Jurisdiction and Venue

3. Section 3 of the FTC Act, 15 U.S.C. § 43, authorizes the Commission to prosecute any inquiry necessary to its duties in any part of the United States. Section 6 of the FTC Act, 15 U.S.C. § 46, empowers the Commission to gather and compile information concerning, and to investigate from time to time, the business and practices of persons, partnerships, or corporations engaged in or whose business affects commerce, with certain exceptions not relevant here. Section 20 of the FTC Act, 15 U.S.C. § 57b-1, empowers the Commission to issue CIDs to require any person, *inter alia*, to produce documentary material, to file written reports or answers, and to give oral testimony relating to any Commission law enforcement investigation.

4. Section 20 of the FTC Act provides this Court with jurisdiction over Mr. Bartoli and authorizes it to enforce the CID. Section 20(e) states as follows:

---

[1] Citations to exhibits are to paragraph numbers where available or to page numbers appearing in exhibit footers.

FTC Petition
- 4 -

> Whenever any person fails to comply with any civil investigative demand duly served upon him under this section . . . the Commission, through such officers or attorneys as it may designate, may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person, a petition for an order of such court for the enforcement of this section.

15 U.S.C. § 57b-1(e). Section 20(h) authorizes the Court "to hear and determine the matter so presented, and to enter such order or orders as may be required to carry into effect the provisions of this section." 15 U.S.C. § 57b-1(h). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

5. Mr. Bartoli is found, resides in, and engages in commerce in this district, as the term "commerce" is defined under Section 4 of the FTC Act. 15 U.S.C. § 44; Pet. Ex. 1, ¶ 8. As such, venue is proper in this district under Section 20 of the FTC Act. 15 U.S.C. § 57b-1(e) (venue proper in district where CID recipient "resides, is found, or transacts business").

## The Commission's Investigation

6. The Commission is investigating a number of individuals and entities who may be involved in a telemarketing scheme that employed "robocalls" to advertise "free" vacations and cruises. Thousands of consumers have complained to the FTC about these robocalls because in many instances the calls: (1) provided false, or "spoofed," caller ID information; (2) were made to telephone numbers on

the Do Not Call Registry; and (3) occurred during restricted time periods, typically in the middle of the night (*i.e.*, between 12 a.m. and 5 a.m.). FTC staff initiated an investigation into Mr. Bartoli's role in the scheme after tracing an unsolicited robocall (received at 12:43 a.m.) to a VoIP provider that confirmed that Mr. Bartoli's company placed those calls and others using its VoIP lines.[2] Consistent with the consumer complaints, these calls were placed between midnight and 5:00 AM using a spoofed caller ID and offered a "free vacation" aboard a cruise ship. *See* Pet. Ex. 1, ¶¶ 3-4.

7. On December 19, 2017, the Commission issued the instant CID to Mr. Bartoli under the authority of FTC Resolution No. 012 3145, which authorizes the use of any and all compulsory process

> [t]o determine whether unnamed telemarketers, sellers, or others assisting them have engaged or are engaging in: (1) unfair or deceptive acts or practices in or affecting commerce in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 (as amended); and/or (2) deceptive or abusive telemarketing acts or practices in violation of the Commission's Telemarketing Sales Rule, 16 C.F.R. pt 310 (as amended), including but not limited to the provision of substantial assistance or support - such as mailing lists, scripts, merchant accounts, and other information, products, or services - to telemarketers engaged in unlawful practices. The investigation is also to determine whether Commission action to obtain monetary relief would be in the public interest.

Pet. Ex. 1 ¶ 5; Pet. Ex. 2 at 5.

---

[2] "VoIP" stands for Voice Over Internet Protocol. These companies offer calling services transmitted over the Internet as opposed to traditional wire-based telephony.

8. The assigned Commissioner (here, Acting Chairman Maureen K. Ohlhausen) approved the issuance of the CID. Pet. Ex. 2 at 3. The CID required Mr. Bartoli to respond to 10 document requests and 9 interrogatories on or before January 9, 2018, and to provide oral testimony on 8 topics relevant to the investigation on February 7, 2018 at 9:00 AM. *See* Pet. Ex. 2 at 7-10. The CID seeks information about Mr. Bartoli's company, its clients, and the means by which Mr. Bartoli's company placed calls on behalf of its clients for telemarketing services, the content of such calls, and consumer or other complaints. The CID also seeks information regarding Mr. Bartoli's and his company's compliance with the requirements of the TSR. This information will assist staff to determine whether these calls violate Section 5 or the TSR. This information will also enable staff to determine whether other individuals or entities may have assisted and facilitated unlawful telemarketing practices. Pet. Ex. 1, ¶ 7.

## Mr. Bartoli's Failure to Respond to the CID

9. The Commission served the CID on Mr. Bartoli on December 23, 2017. Pet. Ex. 1, ¶ 8; Pet. Ex. 3. A day earlier, FTC staff emailed a courtesy copy of the CID to Mr. Bartoli and asked him to call to schedule an initial meet-and-confer session, as required by the Commission's Rules of Practice. *See* 16 C.F.R. § 2.7(k). Mr. Bartoli agreed to meet by telephone on December 26, 2017, but that

call was rescheduled to January 2, 2018 by agreement of the parties. Pet. Ex. 1, ¶ 9.

10. On January 2, 2018, FTC staff spoke with Mr. Bartoli by telephone. Mr. Bartoli confirmed that he had received the CID, but stated that he was not prepared to discuss it. Staff reminded Mr. Bartoli of the CID's deadlines and the parties agreed to speak again on January 4. Pet. Ex. 1, ¶ 10.

11. FTC staff made multiple attempts to reach Mr. Bartoli on the agreed date. He did not respond to any of the calls or staff's follow-up email. Most importantly, he did not produce any documents or submit written responses to the CID's interrogatories by the January 9 deadline. Pet. Ex. 1, ¶ 11.

12. The FTC's Rules of Practice permit a CID recipient to raise legal or other objections to a CID by filing a petition to limit or quash. 16 C.F.R. § 2.10. Under the Rules, the deadline for such a petition in this case was January 9—the date of compliance. *Id.* Mr. Bartoli has not filed a petition to limit or quash the CID. Pet. Ex. 1, ¶ 15.

13. On February 2, 2018, Associate Director Lois Greisman notified Mr. Bartoli that he was in default. Ms. Greisman nonetheless modified the CID to extend the deadlines, thus curing Mr. Bartoli's default *and* providing additional time for him to comply. Ms. Greisman's letter granted Mr. Bartoli an extension of

the deadline to produce documents and interrogatory responses to February 9 and also extended the date for Mr. Bartoli to appear at an FTC investigational hearing to February 20. Importantly, Ms. Greisman's letter informed Mr. Bartoli that a failure to meet either of these deadlines would be grounds for a referral of this matter to the FTC's Office of General Counsel for judicial enforcement. Pet. Ex. 1, ¶ 12; Pet. Ex. 4.

14. Mr. Bartoli did not respond to the letter or produce any information on or before February 9. Ultimately, on February 15, FTC staff notified Mr. Bartoli that he was in default and asked him to indicate by close of business on February 16 whether he would appear and testify on the extended date for the investigational hearing. Pet. Ex. 1, ¶¶ 14-15; Pet. Ex. 5.

15. Mr. Bartoli did not respond to that inquiry and, to date, has not contacted the FTC or produced any responsive materials. His failure to comply with the Commission's process has impeded and continues to impede the Commission's investigation. Pet. Ex. 1, ¶¶ 14-16.

## Memorandum of Law

The court's role in a proceeding to enforce an administrative subpoena or CID is "sharply limited." *United States v. Florida Azalea Specialists*, 19 F.3d 620, 623 (11th Cir. 1994) (quoting *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir.

1991)). While "the court's function is neither minor nor ministerial, the scope of issues which may be litigated in a [compulsory process] enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity." *FTC v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977) (*en banc*) (internal citation omitted). A district court must enforce agency process so long as (1) the inquiry is within the authority of the agency; (2) the demand is not too indefinite; and (3) the information sought is reasonably relevant. *EEOC v. Tire Kingdom, Inc.*, 80 F.3d 449, 450 (11th Cir. 1996) (per curiam) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950)); *Florida Azalea Specialists*, 19 F.3d at 623; *see also United States v. Lockheed Martin Corp.*, 995 F. Supp. 1460, 1462 (M.D. Fla. 1998).

As documented in the accompanying declaration, the Commission has satisfied each of the requirements for judicial enforcement of its CID. *See* Pet. Ex. 1. The CID was duly issued in an investigation the Commission is authorized to conduct, is not too indefinite, and seeks documents and information reasonably relevant to the investigation. Moreover, having failed to raise any objections to the CID in an administrative petition to limit or quash, Mr. Bartoli has waived any defenses to enforcement. *See supra* ¶ 12; 16 C.F.R. § 2.10(a).

## I. The Commission Is Authorized To Conduct The Investigation.

The FTC is authorized to issue CIDs (*see supra* ¶ 3), and to conduct the investigation at issue. Section 5 of the FTC Act prohibits unfair or deceptive acts or practices in or affecting commerce. *See* 15 U.S.C. § 45. Further, in the Telemarketing and Consumer Fraud and Abuse Prevention Act, Congress empowered the Commission to prescribe rules prohibiting deceptive or abusive telemarketing practices, here, the TSR, and to enforce these rules using all the investigative powers authorized by the FTC Act. *See* 15 U.S.C. §§ 6102(a), 6105(b). The instant CID requests records and information regarding Mr. Bartoli's company and its possible role in disseminating robocalls marketing purportedly "free" cruises or cruise tickets to consumers. The purpose of the CID is to determine whether these calls violate Section 5 or constitute "abusive" telemarketing in violation of the TSR. Accordingly, the investigation to which the CID pertains falls well within the FTC's statutory authority.

## II. The CID Was Duly Issued.

The instant CID with issued in accordance with all the requirements of the FTC Act and its implementing rules. *See* Pet. Ex. 2; 15 U.S.C. § 57b-1; 16 C.F.R. § 2.7.

The CID satisfies the Act's requirements of "definiteness and certainty" because it specifies the kinds of documents and information to be produced. The CID contains 10 document requests and 9 interrogatories, and seeks testimony on 8 topics, all of which are described with detail sufficient to enable Mr. Bartoli to "fairly identif[y]" responsive information. 15 U.S.C. §§ 57b-1(c)(3)(A), (c)(5)(A); *see also* Pet. Ex. 2 at 7-10. The CID also complies with the Act by prescribing a return date of more than two weeks after issuance, thus allowing Mr. Bartoli a "reasonable period of time" to assemble the specified documents and prepare its responses to interrogatories. Mr. Bartoli did not ask for additional time. 15 U.S.C. § 57b-1(c)(3)(B), (c)(5)(B); *see also* Pet. Ex. 2 at 3. The CID "identif[ied] the custodian[s]" to whom Mr. Bartoli was obliged to produce the responsive materials. *See* 15 U.S.C. § 57b-1(c)(3)(C), (c)(5)(C); *see also* Pet. Ex. 2 at 3. Moreover, the CID was "signed by a Commissioner," in this instance, Acting Chairman Maureen K. Ohlhausen, "acting pursuant to a Commission resolution." 15 U.S.C. § 57b-1(i); *see also* Pet. Ex. 2 at 3. Finally, the CID included a copy of the Commission's compulsory process resolution, as provided by the Commission's Rules of Practice. *See supra* ¶ 7; 16 C.F.R. § 2.6; Pet. Ex. 2 at 5. Together with the accompanying cover letter and the "Subject of Investigation" statement in the CID itself, these materials gave Mr. Bartoli ample notice of "the nature of the conduct

FTC Petition
- 12 -

constituting the alleged violation which is under investigation and the provision of law applicable to such violation." 15 U.S.C. § 57b-1(c)(2); 16 C.F.R. § 2.6; Pet. Ex. 2 at 1, 5, 7; *see FTC v. O'Connell Assocs., Inc.*, 828 F. Supp. 165, 170-71 (E.D.N.Y. 1993) (notice requirement is met by "cit[ing] a resolution giving the FTC authority to use compulsory process").

### III. The Information Sought is Relevant and Material to the Investigation.

In an investigation, the Commission is not limited to seeking information that is necessary to prove specific charges. Rather, the purpose of an investigation is to learn whether there is reason to believe that the law has been, or is being, violated and, if so, whether the issuance of a complaint would be in the public interest. *See Texaco*, 555 F.2d at 872; *see also Florida Azalea Specialists*, 19 F.3d at 622-23 (an agency "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not") (quoting *Morton Salt*, 338 U.S. at 642-43). The required documents and information, therefore, need only be relevant to the investigation—the boundary of which may be defined by the agency quite generally. *See Carter*, 636 F.2d at 787-88; *Texaco*, 555 F.2d at 874 & n.26; *see also FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1088 (D.C. Cir. 1992) (stating that the FTC's compulsory process resolution defined the purpose of the investigation).

The CID at issue seeks information that goes to the heart of the current investigation. As described above (see ¶ 8, supra), the CID requires Mr. Bartoli to produce documents, respond to interrogatories, and to testify about his company, the company's clients for placing telemarketing calls, the means of making those calls, the content of those calls, and his efforts to comply with the TSR. This information is relevant to and directly serves the purpose of the FTC's investigation by enabling staff to determine whether the calls were placed in violation of Section 5 or the TSR. This information also enables FTC staff to identify other individuals or entities involved in this telemarketing enterprise. Pet. Ex. 1, ¶ 7; *see also Florida Azalea*, 19 F.3d at 624.

### IV. Mr. Bartoli's Failure To Exhaust His Administrative Remedies Precludes Him From Challenging Judicial Enforcement.

A CID recipient's "failure to exhaust administrative remedies" by filing a petition to limit or quash with the Commission "precludes [it] from raising objections to the judicial enforcement of the CID." *See FTC v. Tracers Info. Specialists, Inc.*, No. 8:16-MC-18TGW, 2016 WL 3896840, at *3 (M.D. Fla. Jun. 10, 2016). Mr. Bartoli did not file a petition to limit or quash (*supra* ¶ 12) and thus is precluded from raising any issues in defense of the Commission's petition that he could have raised before the Commission in the first instance.

Section 20(f) of the FTC Act provides that a CID recipient may file with the Commission a petition to "modify[] or set[] aside the demand" within 20 days, but otherwise "*shall comply* with any portions of the demand not sought to be modified or set aside." 15 U.S.C. § 57b-1(f)(2) (emphasis added). The Commission's Rules of Practice implement this provision by requiring a CID recipient to file a "petition to limit or quash any compulsory process" setting forth "all assertions of protected status or other factual and legal objections to the Commission compulsory process, including all appropriate arguments, affidavits, and other supporting documentation." 16 C.F.R. § 2.10(a)(1).

Because Mr. Bartoli failed to exhaust this administrative remedy, he may not now contest enforcement of the CID "for any reason short of objections based on constitutional grounds." *EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1064 (5th Cir. 1979) (per curiam).[3] *See also Morton Salt*, 338 U.S. at 653 (recipient of FTC process may not challenge the demands as "arbitrarily excessive" without first making "reasonable efforts before the Commission itself to obtain reasonable conditions"); *O'Connell Assocs.*, 828 F. Supp. at 168 (exhaustion requirement applies even if a process recipient "waits for the FTC to bring an action [rather] than if he

---

[3] Cases decided by the former Fifth Circuit prior to the close of business on September 30, 1981, are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

himself institutes it. In either case, there was an administrative mechanism for him to utilize and he failed to do so."). Any objections to enforcement Mr. Bartoli may now offer are not proper defenses to enforcement.

[The remainder of this page intentionally left blank.]

## Prayer for Relief

WHEREFORE, the Commission invokes the aid of this Court and prays:

a. For the immediate issuance of an order directing Derek J. Bartoli to appear and show cause why he should not comply in full with the CID;

b. For a prompt determination of this matter and an order requiring Mr. Bartoli to fully comply with the CID within ten (10) days of such order, or at such later date as may be established by the Commission;

c. For such other relief as this Court deems just and proper.

Respectfully submitted,

ALDEN F. ABBOTT
Acting General Counsel

DAVID C. SHONKA
Principal Deputy General Counsel

LESLIE RICE MELMAN
Assistant General Counsel for Litigation

BURKE W. KAPPLER
Attorney, Office of the General Counsel
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
(202) 326-2043
(202) 326-2477 (fax)
bkappler@ftc.gov

Dated: April 13, 2018