# Petition Exhibit 1

Declaration of Christopher E. Brown
(April 12, 2018)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| Federal Trade Commission,<br><br>        Petitioner,<br><br>    v.<br><br>Derek J. Bartoli,<br><br>        Respondent. | Misc No. |

## DECLARATION OF CHRISTOPHER E. BROWN

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.      I am an attorney employed by the U.S. Federal Trade Commission (FTC or Commission), in Washington, DC, in the Division of Marketing Practices. I am assigned to the FTC's investigation of companies engaging in telemarketing to offer consumers "free cruise" vacations. (FTC File No. P1623005).  The purpose of the investigation is to determine whether various individuals or entities have engaged in practices that violate Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 or the Telemarketing Sales Rule, 16 C.F.R. § 310 *et seq*.  Section 5 prohibits unfair or deceptive acts and practices and the TSR prohibits, among others, "abusive" telemarketing which includes (1) initiating, causing the initiation, or assisting and facilitating the initiation of, telemarketing sales calls that deliver prerecorded messages; (2) placing calls to numbers listed on the National Do Not Call Registry; and (3) displaying "spoofed," or false, caller ID numbers.

2.      I am authorized to execute a declaration verifying the facts that are set forth in the Petition of the Federal Trade Commission for an Order Enforcing Civil Investigative Demand.  I have read the petition and exhibits thereto

(hereinafter referred to as Pet. Ex.), and verify that Pet. Ex. 2 through Pet. Ex. 6 are true and correct copies of the original documents. The facts set forth herein are based on my personal knowledge or information made known to me in the course of my official duties.

3.     FTC staff opened this investigation after receiving thousands of consumer complaints about unwanted robocalls that offered two "free cruise" tickets for participating in a short survey and paying $59 per ticket in "port fees." These complaints stated that these robocalls (1) provided false, or "spoofed," caller ID information; (2) were made to telephone numbers on the Do Not Call Registry; and (3) occurred during restricted time periods, typically in the middle of the night (i.e., between 12 a.m. and 5 a.m.).

4.     FTC staff traced one of these unsolicited robocalls to a VoIP provider that confirmed the robocalls originated from its network.[1] The VoIP provider identified Derek J. Bartoli and his company (Marketing Consultation Solutions LLC) as responsible for originating these robocalls. Like many of the robocalls that were the subject of consumer complaints, the robocalls placed by Mr. Bartoli's company, which were delivered to consumers between midnight and 5:00 AM using a spoofed caller ID, offered a "free vacation" aboard a cruise ship.

5.     In December 2017, FTC staff sought issuance of a Civil Investigative Demand ("CID") to Derek J. Bartoli under the authority of omnibus FTC investigatory resolution number 012 3145, which authorizes the use of compulsory process:

---

[1]     "VoIP" stands for Voice Over Internet Protocol. These companies offer calling services transmitted over the Internet as opposed to traditional wire-based telephony.

> [t]o determine determine whether unnamed telemarketers, sellers, or others assisting them have engaged or are engaging in: ( 1) unfair or deceptive acts or practices in or affecting commerce in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 (as amended); and/or (2) deceptive or abusive telemarketing acts or practices in violation of the Commission's Telemarketing Sales Rule, 16 C.F.R. pt 310 (as amended), including but not limited to the provision of substantial assistance or support - such as mailing lists, scripts, merchant accounts, and other information, products, or services - to telemarketers engaged in unlawful practices.

Pet. Ex. 2 at 5.

6.     The assigned Commissioner (here, Acting Chairman Maureen K. Ohlhausen) approved the issuance of the CID to Mr. Bartoli on December 19, 2017. Pet. Ex. 2 at 3. The CID required Mr. Bartoli to respond to 10 document requests and 9 interrogatories on or before January 9, 2018, and to provide oral testimony on 8 specified topics relevant to the investigation on February 7, 2018 at 9:00 AM. *Id.*

7.     The CID seeks information relating to, *inter alia*, Mr. Bartoli's company, its clients, the means for and content of calls placed on behalf of these clients for telemarketing services, and consumer or other complaints. The CID also seeks information regarding Mr. Bartoli's and his company's compliance with the requirements of the TSR. This information will assist staff to determine whether these calls violate Section 5 or the TSR because they are deceptive, unfair, or fail to comply with the TSR's requirements. This information will also enable staff to identify other individuals and/or entities that have assisted and facilitated these potentially-unlawful telemarketing practices.

8.     The CID was delivered via FedEx addressed to Derek J. Bartoli at the address in Kissimmee he provided to the Florida Secretary of State for service as

the registered agent for his company Marketing Consultation Services LLC. It was signed for by "J. Bartoli" on December 23, 2017. Pet. Ex. 3.

9.      One day earlier, on Friday, December 22, 2017, FTC staff emailed a copy of the CID to Mr. Bartoli and informed him of his obligation to schedule an initial meeting to discuss any questions regarding the CID. On that same date, Mr. Bartoli sent a reply email stating that he was out of office and with family for the holidays, and requested to schedule a call with staff on the following Tuesday, December 26, 2017. On December 26, 2017, staff corresponded by email with Mr. Bartoli and agreed to speak with him by telephone on January 2, 2018.

10.      On January 2, 2018, FTC staff contacted Mr. Bartoli by telephone to discuss the CID issued to him. Mr. Bartoli confirmed that he received the CIDs sent via FedEx but stated that he had not yet read the CIDs and was unprepared to discuss them. Staff reminded Mr. Bartoli of his deadlines to to respond to document requests and interrogatories on or before January 9, 2018, and appear for oral testimony on February 7, 2018 at 9:00 AM. Mr. Bartoli agreed to speak with staff again on Thursday, January 4, 2018 at 4:30 PM, at which time he agreed to have the CID materials available to discuss.

11.      On Thursday, January 4, 2018, FTC staff called the telephone number previously used to contact Mr. Bartoli, but only reached his voice mail. Staff made several more calls to Mr. Bartoli, which were all unanswered. Staff then sent an email on January 8, 2018, reminding Mr. Bartoli of his deadlines to produce responsive information to the CID and appear for oral testimony. Mr. Bartoli did not respond to the January 8 email. Nor did he provide any response to the CID.

12.     On February 2, 2018, Associate Director Lois C. Greisman wrote Mr. Bartoli, notifying him of his default for failing to meet the January 9 deadline, but informing him that she had modified the CID, extending the deadline for producing documents and answers to interrogatories to February 9, 2018 and changing the date and time for the investigational hearing to February 20, 2018, at 10:00 AM. Pet. Ex. 4 at 1. The February 2 letter emphasized that Mr. Bartoli's failure to meet either deadline would be a default that **"shall be considered grounds for a referral of this matter to the Commission's Office of General Counsel for judicial enforcement of the CID."** *Id.* (emphasis in original). After emailing this letter to Mr. Bartoli, FTC staff received neither a reply to the email nor responsive information to the CID.

13.     Mr. Bartoli did not produce any documents on or before the extended deadline of February 9, 2018.

14.     On February 15, 2018, FTC staff wrote Mr. Bartoli, notifying him that his failure to timely produce documents and answers to interrogatories constitutes a default and grounds for referral of this matter to OGC for judicial enforcement of the CID in federal court. Pet. Ex. 5. Staff also requested that Mr. Bartoli affirmatively indicate if he intended to appear for the investigational hearing scheduled for February 20, 2018 at 10:00 AM. *Id.* Staff sent the February 15 letter via FedEx (and email) and it was signed for by "D. Bartoli" on February 16, 2018. Pet. Ex. 6. Mr. Bartoli did not respond to the February 15 letter from staff.

15.     Mr. Bartoli has not expressed any specific objections to the CID and did not file a petition to limit or quash the CID with the Commission. See C.F.R. § 2.10(a).

16.     Mr. Bartoli has produced no information in response to the CID. Mr. Bartoli's non-compliance with the CID has burdened, delayed, and impeded the Commission's investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2018

Christopher E. Brown, Staff Attorney
Division of Marketing Practices
Bureau of Consumer Protection
Federal Trade Commission